[Civ. No. 2836.   Third Appellate District.—December 15, 1925.]

# CALIFORNIA CREDIT AND COLLECTION CORPORATION, Appellant, v. HENRY BRANDLIN, Respondent.

[1] CORPORATIONS—PURCHASE OF STOCK—SUBSCRIPTION AGREEMENT—PROMISSORY NOTES—CONSIDERATION — EVIDENCE—INSTRUCTIONS.—In this action on promissory notes executed by defendant in favor of a packing corporation in part payment of the purchase price of stock, there being no evidence that the stock was worthless or that the corporation was not ready and able to deliver it upon payment of the purchase price, and the subscription agreement and notes being presumptive evidence of consideration, the trial court erred in instructing the jury to find for defendant if they should find there was no consideration.

[2] ID.—MISREPRESENTATIONS—OBJECTIONS TO EVIDENCE—PLEADING—INSTRUCTIONS.—In such action, an instruction authorizing a verdict for defendant on the ground of misrepresentations proved over plaintiff's objections, but which were not alleged in the answer as a defense, was erroneous.

[3] ID.—PROMISE TO REPURCHASE STOCK—ORAL REPRESENTATIONS OF AGENTS—PLEADING—INSTRUCTIONS.—In such action, oral representations by agents of the corporation that the corporation would repurchase the stock if defendant desired to sell amounted to no more than a promise to repurchase the stock, and where the answer did not allege that the promise was made fraudulently or without intention to perform, an instruction to find for defendant if the promise to repurchase was false and induced defendant to execute the notes was erroneous.

[4] ID.—SUBSCRIPTION CONTRACT—AGREEMENT TO REPURCHASE STOCK—RIGHT TO ENFORCE.—A promise by a corporation to repurchase stock sold by it, if made a part of the written stock subscription contract or contained in a separate writing, is enforceable.

[5] ID. — ALTERATION OF SUBSCRIPTION CONTRACT — AUTHORITY OF AGENTS—CONSTRUCTION.—Where the subscription contract provides that no agent has power to change or alter its terms, mere oral statements of agents that the corporation would repurchase the stock, if the purchaser desired to sell, cannot vary or add to the terms of the written contract.

[6] ID. — RETENTION OF STOCK BY CORPORATION — PAYMENT OF SUBSCRIPTION—PLEDGES—INSTRUCTIONS.—In an action on promissory notes given in part payment of the purchase price of stock of a

---

2. See 24 Cal. Jur. 828.
4. See 6 Cal. Jur. 767; 7 R. C. L. 236.

corporation, where the subscription contract contained a provision that no stock was to be issued until the amount of the subscription and notes given therefor were paid in full, and the permit of the commissioner of corporations to sell the stock required the certificates to be held by the corporation as a pledge for the payment of the notes, the trial court erred in instructing the jury to find for the defendant if they should · find that the company retained the stock and that such retention was for the purpose of holding the stock as a lien to secure payment of the notes.

[7] Id.—Delivery of Stock—Evidence—Instructions.—In such action, where the subscription contract provided that the corporation had the right to retain the certificates of stock until paid for, an instruction to find for defendant if the corporation failed or refused to deliver the stock was erroneous, where there was no evidence that the company was not ready and willing to deliver the stock upon payment therefor, but rather the opposite inference is to be drawn from the evidence.

(1) 38 Cyc., p. 1618, n. 36.   (2, 3) 38 Cyc., p. 1615, n. 21.   (4) 14 C. J., p. 575, n. 94.   (5) 22 C. J., p. 1258, n. 83.   (6) 14 C. J., p. 582, n. 34.   (7) 38 Cyc., p. 1629, n. 86.

APPEAL from a judgment of the Superior Court of Napa County.   J. B. Landis, Judge.   Reversed.

The facts are stated in the opinion of the court.

J. R. Cunnyngham and Daly B. Robnett for Appellant.

Nathan F. Coombs and Frank L. Coombs for Respondent.

FINCH, P. J.—This action is prosecuted for the recovery of the amount of three promissory notes given by the defendant to the Virden Packing Company and by it assigned after maturity to the plaintiff.   The defendant purchased five shares of the capital stock of the packing company for $500, paying $125 in cash and giving the three promissory notes upon which the suit is based for the remainder of the purchase price.   The complaint is in the usual form and the answer admits the execution and delivery of the promissory notes, but alleges that the defendant was induced to make the purchase of the stock and give the notes by certain representations made by the agents of the packing company. Most of these alleged representations are mere promises and

it is not alleged that such promises were made fraudulently or without intent to perform the same. More material misrepresentations of fact, which were not alleged, were proved at the trial and, at the close of the evidence, counsel for defendant moved the court for leave to amend the answer by alleging such misrepresentations. The court did not pass upon the motion but proceeded at once to instruct the jury. Proof of the misrepresentations which were not alleged was made over the strenuous objections of plaintiff's counsel and, therefore, it cannot be said that the case was tried by consent upon the theory that those misrepresentations were in issue. The judgment must be reversed on the ground that the court gave certain erroneous instructions, and since the defendant will doubtless amend his answer before again going to trial and the evidence at the next trial may be different from that in the record, it is deemed unnecessary to give further consideration to the pleadings or the evidence except the parts thereof to which the erroneous instructions relate. The instructions hereinafter quoted were given.

[1] "You are instructed that . . . if you find there was no consideration given by the Virden Packing Company, you will render a verdict for the defendant." The evidence shows that the notes were given in consideration of the sale to defendant of five shares of the capital stock of the company. There is no evidence that the stock is worthless or that the company is not ready and able to deliver it upon payment of the purchase price, and the written agreement and notes are presumptive evidence of a consideration. There is nothing in the record therefore upon which to base a finding of want of consideration.

[2] "If you find that the notes given by the defendant were induced by false and fraudulent representations on the part of the Virden Packing Company, or its agents, the plaintiff in this action is not entitled to collect on the same." This instruction authorized a verdict for the defendant on the ground of misrepresentations proved over plaintiff's objections but not alleged in the answer as a defense.

[3] "If you find that the Virden Packing Company, through its agents, represented to the defendant that the stock to be given as a consideration for said notes could be

turned in at any time to the corporation, and thereby induced the defendant to execute said notes, and that said representations were false and fraudulent, you will render a verdict for the defendant." Such alleged representation amounted to no more than a promise to repurchase the stock. The answer does not allege that the promise was made fraudulently or without intention to perform. [4] Had the alleged promise been made a part of the written contract, either therein or by a separate writing, it would have been enforceable. (*Schulte* v. *Boulevard Gardens Land Co.,* 164 Cal. 464 [Ann. Cas. 1914B, 1013, 44 L. R. A. (N. S.) 156, 129 Pac. 582]; *Hulen* v. *Stuart,* 191 Cal. 562 [217 Pac. 750].) The evidence shows a mere oral statement by the agents that the company would repurchase the stock if defendant desired to sell. [5] The subscription contract signed by the defendant contains the following: "This subscription contract . . . contains the entire contract between the subscriber and the company and no agent or representative of the company, or any other person, has any power to change or alter the terms of this subscription." Clearly, the mere oral statements of the agents could not vary or add to the terms of the written contract.

[6] "If you find that the Virden Packing Company retained the shares of capital stock which were the subject of the purchase made by the defendant, and that such retention was for the purpose of holding the same as a lien in order to secure the payment of said notes, then, in that case, the Virden Packing Company could not, either by itself, or through the assignment made to the California Credit and Collection Corporation, maintain this action because in that case it would be required to foreclose said stock and exhaust its remedy in that way before it could ask for a personal judgment against the defendant, and in such case you will find for the defendant." This instruction, under the facts in evidence, was the equivalent of an instruction to find for defendant. The subscription contract provides: "It is expressly agreed that no stock is to be issued until the amount of this subscription and note or notes given therefor are paid in full in cash." The permit of the commissioner of corporations to sell the capital stock of the corporation, printed on the reverse side of the subscription contract, provides

that "all certificates issued to subscribers in exchange for cash and promissory notes shall be held by the company as a pledge for the payment of the principal amount of said note or notes and the interest thereon." Certificates for the shares of stock purchased by defendant were not delivered to him but were held by the company pursuant to the foregoing provisions of the contract and the permit. The instruction was erroneous. (*Bowman* v. *Sears*, 63 Cal. App. 235, 253 [218 Pac. 489], and cases there cited; *Stern* v. *McDonald*, 47 Cal. App. 79, 85 [190 Pac. 221].)

[7] Other instructions were to the effect that if the company had "failed or refused to deliver said stock . . . the said action cannot be maintained, and in such case you will find for the defendant." The company had the right to retain the certificates of stock until it received payment therefor and there is no evidence that it was not at all times able and willing to deliver the same upon receipt of such payment. The defendant testified that he asked the company to repurchase the stock and that "they said if I would pay for the other three shares which I had not paid up yet, that would keep them from suing me. They kept on saying that they were going to sue me. They told me that that would give me a share and a quarter. That is the amount that I had paid up. I told them that I didn't want to have anything to do with it at all. . . . They said they wouldn't take it back." There is nothing in this to show a refusal or an unwillingness to deliver the stock upon payment therefor, but rather the opposite inference is to be drawn therefrom.

The judgment is reversed, with direction to the trial court to permit the defendant to amend his answer.

Hart, J., and Plummer, J., concurred.